[No. F017016. Fifth Dist. Nov. 25, 1992.]

In re JUAN H., a Person Coming Under the Juvenile Court Law.
MERCED COUNTY DEPARTMENT OF HUMAN SERVICES, Plaintiff and Respondent, v.
JOSEPHINE G., Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Disussion parts I, II and IV.

**COUNSEL**

Francia M. Welker, under appointment by the Court of Appeal, for Defendant and Appellant.

Dennis L. Myers, County Counsel, and James B. Tarhalla, Deputy County Counsel, for Plaintiff and Respondent.

Donna L. Hall, under appointment by the Court of Appeal, for Minor.

**OPINION**

**VARTABEDIAN, J.**—Josephine G. appeals from the order terminating her parental rights and ordering a permanent plan of adoption for her son, Juan H.[1] Josephine claims the evidence was insufficient to support a finding that Juan was likely to be adopted. Juan raises the same issue and additionally argues it would be detrimental to terminate his visitation with his mother, the court failed to consider his wishes regarding termination, and the juvenile court erred in not appointing counsel to represent him. The only issue we discuss in the published portion of our opinion is consideration of the child's wishes. We affirm.

---

[1]The parental rights of Juan's father were also terminated. He has not appealed.

## FACTS AND PROCEEDINGS

Juan was born to Josephine on December 8, 1987. In July of 1989, Juan was declared a dependent child of the court because Josephine had left him with an unwilling caretaker and had failed to provide him with food or clothing. (Welf. & Inst. Code, § 300, subds. (b) and (g).) Reunification services were ordered, and Juan was placed in an out-of-home placement. Josephine's underlying problem was abuse of alcohol.

Josephine partially complied with the service plan agreement and maintained visitation with Juan. The visits were appropriate, and Juan and Josephine had a strong bond. Because of Josephine's progress, Juan was returned to her custody in July of 1990. The court ordered family maintenance services be provided.

On September 11, 1990, Juan was detained after a supplemental petition was filed alleging that Josephine failed to protect Juan and failed to provide for his care and support. (Welf. & Inst. Code, § 300, subds. (b) and (g).) This supplemental petition arose because Josephine called social services and reported that her eight-year-old daughter had been sexually molested.[2] She threatened to beat the daughter. Police officers were called and arrested Josephine based on outstanding warrants. Juan was placed in a suitable home placement, and reunification services were ordered.

On January 3, 1991, the court ordered the Merced County Human Services Agency (the Agency) to initiate termination proceedings pursuant to Welfare and Institutions Code section 366.26. Thereafter, Josephine entered a residential alcohol treatment program and was making progress.

In May of 1991 the court found Josephine had a change of circumstances because of successful steps she had taken in her residential treatment program. (Welf. & Inst. Code, § 388.) The juvenile court ordered the dependency to continue and ordered six more months of reunification services. However, Josephine left the program in June or July of 1991 and resumed the consumption of alcohol.

Based on the six-month review report prepared by the Agency on October 8, 1991, the court terminated reunification services at a hearing conducted on November 21, 1991. The court then proceeded to take evidence regarding termination of parental rights and adoptability of Juan at that same hearing. After hearing evidence and argument, the court terminated Josephine's parental rights; it found Juan likely would be adopted.

---

[2]Josephine's parental rights to her four older children were terminated in a separate proceeding. She voluntarily dismissed that appeal.

DISCUSSION

I., II.*

· · · · · · · · · · · · · · · · · · · · · · · · · ·

III.

*Consideration of Child's Wishes*

The juvenile court "shall consider the wishes of the child" at termination proceedings. (Welf. & Inst. Code, § 366.26, subd. (g).)

■ Juan claims that, applied to all termination proceedings, Welfare and Institutions Code section 366.26, subdivision (g) "contemplates taking the child's testimony [as] evidence of the child's purpose." Thus, contends Juan, the court erred in not hearing evidence regarding his wishes. His sole authority is *In re Tabetha S.*† *Tabetha S.* was ordered not to be published by the Supreme Court.

The permanency planning report did not contain a statement of Juan's wishes because he was too young to sufficiently understand the situation and provide a statement. At the time of the November 21, 1991, hearing, Juan was just shy of his fourth birthday.

In *In re Jessie B.* (1992) 8 Cal.App.4th 845 [10 Cal.Rptr.2d 516], this court rejected the mother's argument that Welfare and Institutions Code section 366.26, subdivision (g) requires that the wishes of the child be presented by oral testimony in court or in chambers. We found substantial compliance with section 366.26, subdivision (g) because the four-year-old minor was represented by independent counsel, who was obligated to determine the wishes of the child.

In *In re Jennifer J.* (1992) 8 Cal.App.4th 1080 [10 Cal.Rptr.2d 813], the appellate court held the juvenile court is not required to take in-court or in-chambers testimony from the child, even when the parents request that such testimony be taken.

"[T]he juvenile court judge in a proper case may refuse to require the attendance and testimony of the child who is the subject of the litigation. This power derives, we believe, from a recognition of the overriding objective of the dependency hearing—to preserve and promote the best interests

---

*See footnote, *ante*, page 169.

†Reporter's Note: Opinion (D014048) deleted upon direction of Supreme Court by order dated July 30, 1992.

of the child. It would be a perversion of the procedure to impose upon it a requirement that the child's testimony *always* be presented, regardless of the trauma resulting to the child therefrom, and regardless of the necessity of such testimony in the resolution of the issues before the court. The refusal of the court to issue process requiring the attendance and testimony of the child should, assuredly, be a decision made only after a careful weighing of the interests involved. . . . '[F]undamental rights are implicated in dependency proceedings, and they cannot be abrogated with impunity.' Where, however, the child's desires and wishes can be directly presented without live testimony, where the issues to be resolved would not be materially affected by the child's testimony, and where it is shown that the child would be psychologically damaged by being required to testify, we hold the juvenile court judge has the power to exclude such testimony." (*In re Jennifer J., supra,* 8 Cal.App.4th at p. 1089, fn. omitted.)

*Jessie B.* and *Jennifer J.* both recognize that a child may be too young or too frail to have the capacity to testify. By the same token, a child may be too young to understand, much less express, his or her wishes regarding the proceedings. Here, the permanency planning report indicated Juan was too young to understand or express his wishes.[3] Josephine did not challenge this statement in the report. In the absence of an objection and/or evidence demonstrating otherwise, the trial court properly relied upon the statement that Juan could not express his wishes. To the extent that the juvenile court could determine Juan's wishes from his behavior while in the presence of Josephine, this evidence was before the court and considered by it.

Obviously, Welfare and Institutions Code section 366.26, subdivision (g) cannot mean that the court must always receive the child's statement in order to determine the minor's wishes because in many cases a child is unable to talk, let alone have the capacity to testify. Thus, we construe the statute as directing the court to consider the child's wishes to the extent ascertainable.

Although Juan was not represented by independent counsel, we fail to see how this could have affected the proper consideration of his wishes. If Juan was unable to effectively communicate his wishes to the social worker, he would also be unable to communicate with independent counsel. In such situations, the minor is protected by the mandate that the court act in the child's best interests. Error cannot be predicated on the juvenile court's failure to consider the express wishes of the child when the child is not capable of adequately expressing those wishes.

---

[3]Not only was Juan not quite four years old, he was also somewhat developmentally delayed.

## IV.

### *Appointment of Counsel\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### Disposition

The judgment is affirmed.

Ardaiz, Acting P. J., and Reid, J.,† concurred.

---

*See footnote, *ante*, page 169.

†Retired judge of the Stanislaus Superior Court sitting under assignment by the Chairperson of the Judicial Council.